**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nancy Lucille JACOBS, Defendant— Appellant.**

**No. 05–50505.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 13, 2006.

Becky S. Walker, Esq., Gregory A. Lesser, Esq., USLA—Office of the U.S.

684

Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, Nancy Lucille Jacobs, Adelanto, CA, for Defendant–Appellant.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Nancy Lucille Jacobs ("Jacobs") appeals her conviction for making false statements to the United States Department of Housing and Urban Development ("HUD"), *see* 18 U.S.C. § 1001, and her sentence of 78 months imprisonment. The parties know the facts and procedural history, and we do not repeat them here. We affirm.

■ First, the district court correctly instructed the jury on the intent required for a conviction under 18 U.S.C. § 1001. The government need not prove a specific intent to deceive nor that Jacobs knew her conduct was unlawful. *See United States v. Yermian,* 468 U.S. 63, 69–73, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984); *United States v. Heuer,* 4 F.3d 723, 732 (9th Cir.1993); *United States v. Vaughn,* 797 F.2d 1485, 1490 (9th Cir.1986).

Second, the district court properly instructed the jury on agency jurisdiction under 18 U.S.C. § 1001. *See United States v. Green,* 745 F.2d 1205, 1208 (9th Cir.1984). The district court's instructions adequately and fairly embody the law governing federal jurisdiction under § 1001. *See United States v. Marsh,* 26 F.3d 1496, 1502 (9th Cir.1994).

■ Third, the district court did not abuse its discretion by enhancing Jacobs's offense level for (1) her leadership role, *see* U.S.S.G. § 3B1.1(a) (1998); (2) sophisticated means, *see id.* § 2F1.1(b)(5)(C) (1998); and (3) abusing a position of trust, *see id.* § 3B1.3 (1998). Jacobs exercised a leadership role over at least four other individuals to accomplish her scheme and the record contains ample evidence that some of these individuals qualify as "participants" in her criminal activity. *See United States v. Munoz,* 233 F.3d 1117, 1136 (9th Cir. 2000). When viewed together, the steps Jacobs undertook to accomplish and conceal her fraud comprise a sophisticated scheme under U.S.S.G. § 2F1.1(b)(5)(C), and the district court did not clearly err in so finding. Further, Jacobs abused a position of trust with respect to buyers, sellers, lenders, and HUD. *See United States v. Peyton,* 353 F.3d 1080, 1091 (9th Cir.2003).

■ Fourth, the district court did not engage in impermissible double-counting by enhancing Jacobs's sentence for using sophisticated means and for her leadership role. These enhancements serve sufficiently different purposes, and the district court applied them for different reasons. *See United States v. Kelly,* 993 F.2d 702, 705 (9th Cir.1993).

Fifth, the district court did not commit plain error by including the loss from three foreclosed properties in which Jacobs was neither the listing agent nor the escrow agent because these properties were connected to Jacobs's entire fraudulent scheme.

Sixth, *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005), forecloses Jacobs's claim that her sentence violates her Sixth Amendment rights.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Seventh, Jacobs's claim that her sentence violates her Fifth Amendment rights also fails because after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts may resolve factual disputes at sentencing by applying the preponderance of the evidence standard. *See United States v. Kilby*, 443 F.3d 1135, 1140–41 (9th Cir.2006).

Finally, because the district court properly instructed the jury on intent and agency jurisdiction under 18 U.S.C. § 1001, the district court did not abuse its discretion in denying Jacobs's motion for a new trial.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.